In re FIRST NATIONAL AC-
CEPTANCE COMPANY,
Appellant,

Richard E. Wojtalik, Appellee,

No. CIV.A. 99CV73869DT.
Bankruptcy No. 97–40490.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 3, 2000.

Stanley E. Wise, Wise & Wise, Southfield, MI, for appellee.

### *MEMORANDUM OPINION AND ORDER*

WOODS, District Judge.

This matter having come before the Court upon an appeal from the Bankruptcy Court's Order Granting Summary Judgment to Appellee and Dismissing Appellant's Adversary Complaint;

The Court having reviewed the pleadings submitted herein and being otherwise fully informed in the matter;

IT IS HEREBY ORDERED that the decision of the Bankruptcy Court shall be, and hereby is, AFFIRMED.

## I. INTRODUCTION AND FACTS

The facts are undisputed, and the Court reiterates the facts below only as needed for clarity in its decision-making process.

On September 12, 1995, Appellant, First National Acceptance Company ("First National"), sold Appellee, Richard E. Wojtalik, a home improvement contractor, a residence located at 162 Clifford, Pontiac, Michigan, on land contract. Wojtalik never resided at the property; he bought it for investment purposes. On November 14, 1996, First National obtained a judgment of possession based on Wojtalik's forfeiture—he never made a payment. During the redemption period, Wojtalik filed a Chapter 7 petition, which stayed further proceedings in the land contract forfeiture action. On May 20, 1997, Wojtalik converted his Chapter 7 filing to Chapter 13. According to First National, it anticipated that Wojtalik would cure the judgment and pay arrearage on the land contract. On June 12, 1997, however, the Chapter 7 trustee filed a motion to reconvert the case to Chapter 7, which the Bankruptcy Court granted. Thereafter, First National obtained a stipulation for relief from the automatic stay relative to the Clifford property.

During the course of the bankruptcy proceedings, the City of Pontiac inspected the Clifford property and subsequently posted a Condemnation Notice on the property. The residence was eventually razed. Wojtalik never notified First National that the residence was vacant or condemned; he did not cure the code violations; and he did not appear at any hearings on the property.

First National filed its Adversary Complaint to determine the dischargeability of the debt under 11 U.S.C. § 523(a)(6) and/or § 727(a)(2)(B). Wojtalik subsequently filed his Motion for Summary Judgment to dismiss the Adversary Complaint, which the Bankruptcy Court granted.

In reaching its decision, the Bankruptcy Court held that Wojtalik had no duty to advise First National of his intentions regarding the subject land contract property after he filed his Chapter 7 Petition and Schedules. The Bankruptcy Court also held that First National failed to demonstrate intent on Wojtalik's part as required under the governing statutory provisions. Finally, the Bankruptcy Court awarded reasonable attorney fees to Wojtalik because the Adversary Complaint was baseless.

Now before the Court is First National's claim that the Bankruptcy Court erred in granting Wojtalik's motion. First National also asserts that the Bankruptcy Court's ruling that Wojtalik was entitled to attorney's fees is clearly erroneous.

## II. ISSUES ON APPEAL

1. Did the Bankruptcy Court err when it granted Appellee's motion for summary judgment?

2. Did the Bankruptcy Court err by awarding reasonable attorney fees to Debtor in the amount of $1,710.00?

## III. STANDARD OF REVIEW

On review of a bankruptcy court's decision, the district court applies the clearly erroneous standard to the bankruptcy court's findings of fact. Fed. R. Bankr.P 8014. A finding of fact is clearly erroneous when the district court, upon review of the entire record, is left with the "definite and firm conviction that a mistake has been made," *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

Conclusions of law, however, are reviewed de novo. *Matter of Gullifor*, 47 B.R. 450 (E.D.Mich.1985).

## IV. ANALYSIS

First National asserts that the Bankruptcy Court erred in dismissing its Adversary Complaint. According to First National, the decision is based on the Bankruptcy Court's erroneous finding that Wojtalik did not have a duty to inform First National that he intended to abandon the property. Secondly, First National asserts that the decision stems from the

erroneous finding that it failed to provide evidence of Wojtalik's intent to hinder, delay and defraud First National under 11 U.S.C. § 727(a)(2)(B)[1] and/or his intent to wilfully and maliciously injure the residence under 11 U.S.C. § 523(a)(6)[2]. Because Appellant uses the same facts to support its argument under each statutory provision, the Court compresses the arguments into one discussion.

To establish the existence of a duty on Wojtalik to notify First National that the Clifford property was abandoned, Appellant relies on the land contract agreement between the parties. The relevant portion of the agreement reads: "[Wojtalik] shall not commit or allow any other person to commit waste or damage to the premises or to any appurtenances thereof." Appellant's Brief at 10, n. 1.

■ This Court agrees with the Bankruptcy Court's ruling that the rights and obligations established in the land contract and the violation of those obligations only give First National the right to seek a forfeiture. First National availed itself of that right. The land contract does not create a duty upon Wojtalik to inform First National that he was not living on the property. First National has provided no authority to support its position to the contrary.

■ Next, Appellant argues that the Bankruptcy court erred when it found that Wojtalik's conduct did not violate § 727(a)(2)(B). Here, First National asserts Wojtalik's course of conduct demonstrates his fraudulent intent. *See In re Kowalski*, 1996 U.S. Dist. Lexis 15644 (E.D. Mich.1996) (citing *In re Devers*, 759 F.2d 751 (9th Cir.1985))("intent may be based on circumstantial evidence or in inference drawn from a course of conduct"). Specifically, First National believes that Wojtalik's timing in filing his Chapter 7 petition—sixty days into the 90–day redemption period—reveals his knowledge "that such an action would toll the redemption period, stay the eviction proceedings, and delay [First National] from obtaining prompt possession its collateral." Appellant's Brief at 12.

According to First National, Wojtalik further delayed it by converting his Chapter 7 filing to a Chapter 13.[3] Once the Bankruptcy Court ordered Wojtalik to reconvert his petition to Chapter 7, First National obtained a stipulation for relief from the automatic stay. Throughout the pendency of the bankruptcy petition, Wojtalik never notified First National that the property was vacant or that he intended to abandon the residence. He did not defend the residence against condemnation proceedings. He never "attempted to convey the residence back to First National." Appellant's Brief at 14.

First National asserts that Wojtalik knew or should have known that the residence would be selected for citation and demolition. First National concludes that Wojtalik's failure to take interest in the property, in addition to his procedural "delay tactics," demonstrate his intent to hinder, delay or defraud it. Therefore, it requests that a discharge of his debt to First National be denied.

This Court finds that First National's position requires a selective review of the facts. First National ignores evidence

---

1. The statute provides that a debtor will receive a discharge unless he "with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of the property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, the property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(B).

2. Section 523(a)(6) prohibits discharge of a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

3. First National states that it consequently assumed that Wojtalik would cure the judgment and arrearage on the land contact; however, Wojtalik never indicated an intention to reaffirm his debt in his Chapter 13 plan.

that Wojtalik never resided at the Clifford property; that Wojtalik never received notice of the condemnation proceedings at his own residence; and that First National itself failed to take any action to protect its own interest until it was too late. Moreover, once First National asked Wojtalik for a stipulation for relief from the automatic stay relative to the Clifford property, he promptly agreed. These facts dispel any notion that Wojtalik acted with "intent to hinder, delay, or defraud" First National or that he committed "willful and malicious injury" to the Clifford property.

In the alternative, First National relies on the behavior alleged by the Chapter 7 trustee in her motion to reconvert the case to Chapter 7. The violations alleged include the following:

(a) Making a fraudulent conveyance of real property to the Debtor's wife literally two hours prior to filing bankruptcy;

(b) Failing to disclose the transfer in answer to question 7 and 10 of the Debtor's statement of financial affairs;

(c) Disclosing net income of $2,708.33 per month and expenses of $3,408.00 per month as of the chapter 7 filing, and coincidentally upon conversion showing excess income over expenses in his anticipated chapter 13 filings; and

(d) Converting the case to pay creditors only after the Trustee asserted claims to the real property.

Appellant's Brief at 14-15.

These allegations are unrelated to Wojtalik's conduct toward Appellant and the Clifford property. They, too, fail to demonstrate an intent to defraud First National.

First National also relies on the Chapter 13 trustee's objections to confirmation of the plan. The objections raise Debtor's failure to fully comply with a local bankruptcy rule, failure to file tax returns for 1996 and improper treatment of a claim held by the State of Michigan in his plan. The Bankruptcy Court resolved the objections. Moreover, the fact that the objections were raised is not evidence relevant to First National's claim.

Finally, First National relies on the affidavit of the real estate agent employed by the Chapter 7 trustee to sell Wojtalik's Trinway residence. The affiant states that Wojtalik damaged the property when he moved out by breaking the door jambs and removing light fixtures.

Again the Court finds this affidavit unpersuasive evidence of Wojtalik's intent regarding the Clifford property. In sum, First National does not provide the Court with *any* authority suggesting that the Bankruptcy Court's decision was clearly erroneous. For this reason, the Court not only affirms the Bankruptcy Court's holding discharging the debt, it affirms the Bankruptcy Court's award of attorney fees to Appellee.

## V. CONCLUSION

Accordingly, the Bankruptcy Court's Order is AFFIRMED, and Appellant's appeal is DENIED.

IT IS SO ORDERED.